IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE LEVINE, individually and on behalf of the class, ) ) ) | |
| Plaintiff, ) ) | Judge Kendall |
| -vs- ) ) | Case No.:   08 C 3415 |
| RECEIVABLES MANAGEMENT SOLUTIONS, INC. and NCO PORTFOLIO MANAGEMENT, INC., ) ) ) ) | Magistrate Judge Ashman |
| Defendants. ) | |

## RMS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant Receivables Management Solutions, Inc. (RMS), by and through undersigned counsel, and for its answer to Plaintiff's complaint, states as follows:

1.  Plaintiff Bruce Levine brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Receivables Management Solutions, Inc. and NCO Portfolio Management, Inc. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 692e, 1692f and 1692g. Plaintiff also alleges violation of Illinois law.

1

<u>Answer</u>:    RMS admits that Plaintiff purports to bring an action on behalf of himself and all others similarly situated for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and Illinois law, but denies that this action meets the requirements of a class action and further denies any liability, violations, and wrongdoing under either federal or state law. Except as specifically admitted, the allegations in ¶ 1 of Plaintiff's Complaint are denied.

2.    Defendants assess and demand payment of interest on judgments at a rate in excess of the 9% allowed by 735 ILCS 5/2-1303. The 9% is simple interest. <u>Lewis v. Stran-Steel</u> Corp., 58 Ill.App. 3d 280, 373 N.E.2d 714 (1st Dist. 1978).

<u>Answer</u>:    **RMS denies the allegations in ¶ 2 of Plaintiff's Complaint.**

3.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. §1692k (FDCPA).

<u>Answer</u>:    **RMS admits the allegations in ¶ 3 of Plaintiff's Complaint for jurisdictional purposes only.**

4.    Venue and personal jurisdiction in this District are proper because defendant's collection communications were received here.

<u>Answer</u>:    **RMS admits the allegations in ¶ 4 of Plaintiff's Complaint for jurisdictional and venue purposes only.**

5.    Plaintiff Bruce Levine is an individual who resides in the Northern District of Illinois.

<u>Answer</u>: **RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 5 of Plaintiff's Complaint, which has the effect of a denial.**

6. Defendant NCO Portfolio Management, Inc. is a Delaware corporation with its principal place of business in Pennsylvania.

<u>Answer</u>: **RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 6 of Plaintiff's Complaint, which has the effect of a denial.**

7. Defendant NCO Portfolio Management, Inc. does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

<u>Answer</u>: **RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 7 of Plaintiff's Complaint, which has the effect of a denial.**

8. Defendant NCO Portfolio Management, Inc. is engaged in the business of purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts. Defendant obtains the debts for a few cents on the dollar (on information and belief, less than 10).

<u>Answer</u>: **RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 8 of Plaintiff's Complaint, which has the effect of a denial.**

9. Defendant NCO Portfolio Management, Inc. is a "debt collector" as defined in the FDCPA.

Answer: RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 9 of Plaintiff's Complaint, which has the effect of a denial.

10. Defendant Receivables Management Solutions, Inc. is a Minnesota corporation that does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

Answer: RMS admits the allegations in ¶ 10 of Plaintiff's Complaint.

11. Defendant Receivables Management Solutions, Inc. is engaged in the business of a collection agency.

Answer: RMS admits the allegations in ¶ 11 of Plaintiff's Complaint.

12. Defendant Receivables Management Solutions, Inc. is a "debt collector" as defined in the FDCPA.

Answer: RMS admits that at times it acts as a "debt collector" as defined in the FDCPA. Except as specifically admitted, the allegations in ¶ 12 are denied.

13. All actions of Receivables Management Solutions, Inc. referred to herein were taken as authorized agent of NCO Portfolio Management, Inc.

Answer: RMS admits that it was retained by NCO Portfolio Management, Inc. as an independent contractor to collect certain debts. Except as specifically admitted, RMS denies the allegations in ¶ 13 of Plaintiff's Complaint.

14. On November 5, 2004, a (*sic*) action was filed by NCO Portfolio Management, Inc. against Bruce Levine in DuPage County Circuit Court, case 2004 AR 3781.

Answer: RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 14 of Plaintiff's Complaint, which has the effect of a denial.

15. On December 15, 2004, judgment was entered in the amount of $13,856.43 and $247 costs. See Exhibit A.

Answer: RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 15 of Plaintiff's Complaint, which has the effect of a denial.

16. The debt was a credit card debt incurred primarily for personal, family or household purposes and not for business purposes.

Answer: RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 16 of Plaintiff's Complaint, which has the effect of a denial.

17. A copy of the complaint and attachments in 2004 AR 3781 are in Exhibit B. The second page of Exhibit B contains an account number, 5424180040425172.

Answer: RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 17 of Plaintiff's Complaint, which has the effect of a denial.

18. On October 2, 2007, defendant Receivables Management Solutions, Inc., acting on behalf of defendant NCO Portfolio Management, Inc., sent plaintiff the collection letter attached as <u>Exhibit C</u>.

**Answer:** **RMS admits the allegations in ¶ 18 of Plaintiff's Complaint.**

19. On information and belief, <u>Exhibit C</u> is a standard form letter, filled out in a standardized manner.

**Answer:** **RMS admits that Exhibit C is generated from a standard template and populated with data contained within RMS' account system. Except as specifically admitted, the allegations in ¶ 19 are denied.**

20. <u>Exhibit C</u> contains the same account number, 5424180040425172.

**Answer:** **RMS admits the allegations in ¶ 20 of Plaintiff's Complaint upon information and belief.**

21. <u>Exhibit C</u> represents that the "total due" as of October 2, 2007 is $21,045.73.

**Answer:** **RMS admits the allegations in ¶ 21 of Plaintiff's Complaint upon information and belief.**

22. The amount due on the judgment on October 2, 2007 was not $21,045.73.

**Answer:** **RMS denies the allegations in ¶ 22 of Plaintiff's Complaint.**

23. The amount of the judgment and costs and simple interest on the judgment from December 15, 2004 through October 2, 2007 is substantially less that $21,045.73. (The interest on the judgment at 9% simple interest is about $1,247.08 per year.)

**Answer:** **RMS denies the allegations in ¶ 23 of Plaintiff's Complaint.**

24. <u>Exhibit C</u> then offers to "settle" the inflated balance.

<u>Answer</u>: RMS denies the allegations in ¶ 24 of Plaintiff's Complaint.

25. The settlement offer is less attractive if the real balance owed is known.

<u>Answer</u>: RMS denies the allegations in ¶ 25 of Plaintiff's Complaint.

26. On January 10, 2008, defendant Receivables Management Solutions, Inc. acting on behalf of defendant NCO Portfolio Management, Inc., sent plaintiff the collection letter attached as <u>Exhibit D</u>.

<u>Answer</u>: RMS admits the allegations in ¶ 26 of Plaintiff's Complaint.

27. On information and belief, <u>Exhibit D</u> is a standard form letter, filled out in a standardized manner.

<u>Answer</u>: RMS admits that Exhibit D is generated from a standard template and populated with data contained within RMS' account system. Except as specifically admitted, the allegations in ¶ 27 are denied.

28. <u>Exhibit D</u> contains the same account number, 5424180040425172.

<u>Answer</u>: RMS admits the allegations in ¶ 28 of Plaintiff's Complaint upon information and belief.

29. <u>Exhibit D</u> represents that the "total due" as of January 10, 2008 is $21,590.59.

<u>Answer</u>: RMS admits the allegations in ¶ 29 of Plaintiff's Complaint upon information and belief.

30. The amount due on the judgment on January 10, 2008 was not $21,590.59.

<u>Answer</u>: RMS denies the allegations in ¶ 30 of Plaintiff's Complaint.

31. The amount of the judgment and costs and simple interest on the judgment from December 15, 2004 through January 10, 2008 is substantially less that $21,590.59.

<u>Answer</u>: **RMS denies the allegations in ¶ 31 of Plaintiff's Complaint.**

32. <u>Exhibit D</u> then offers to "settle" the inflated balance.

<u>Answer</u>: **RMS denies the allegations in ¶ 32 of Plaintiff's Complaint.**

33. The settlement offer is less attractive if the real balance owed is known.

<u>Answer</u>: **RMS denies the allegations in ¶ 33 of Plaintiff's Complaint.**

34. NCO Portfolio Management, Inc. obtains numerous judgments from Illinois courts.

<u>Answer</u>: **RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 34 of Plaintiff's Complaint, which has the effect of a denial.**

35. NCO Portfolio Management, Inc. files about 1,000 cases per year in Cook County alone, and more in other counties.

<u>Answer</u>: **RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 35 of Plaintiff's Complaint, which has the effect of a denial.**

36. On information and belief, based on a computer search, NCO Portfolio Management, Inc. has obtained over 3,000 judgments from Illinois courts, of which over 1,000 were entered subsequent to June 1, 2005. A total of 250 judgments were vacated or satisfied. The remainder are on record as unpaid in whole or in part. NCO Portfolio Management, Inc. has up to 20 years to collect them.

**Answer:** RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 36 of Plaintiff's Complaint, which has the effect of a denial.

37. On information and belief, NCO Portfolio Management, Inc. and its agents use computers to calculate the amounts due on debts.

**Answer:** RMS is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 37 of Plaintiff's Complaint, which has the effect of a denial.

38. On information and belief, NCO Portfolio Management, Inc. and its agents compute interest on debts that have been reduced to judgment in a standardized manner, and that manner is represented by Exhibit C and D.

**Answer:** RMS denies the allegations in ¶ 38 of Plaintiff's Complaint.

39. Plaintiff brings this action on behalf of two classes, A and B.

**Answer:** RMS admits that Plaintiff purports to bring this action as a class action on behalf of 2 classes, but denies that this action or that either of Plaintiff's proposed classes meet the requirements of Fed. R. Civ. P. 23.

40. Class A consists of (a) all natural persons (b) from whom defendant NCO Portfolio Management, Inc. attempted to collect, directly or through an agent, (c) interest exceeding 9% simple interest (d) on an Illinois judgment.

**Answer:** RMS admits that Plaintiff purports to bring this action as a class action, but denies that this action or Plaintiff's proposed class definition meets the requirements of Fed. R. Civ. P. 23.

41.   Class B consists of (a) all natural persons (b) from whom defendant Receivables Management Solutions, Inc. attempted to collect, directly or through an agent, (c) interest exceeding 9% simple interest (d) on an Illinois judgment.

**Answer:    RMS admits that Plaintiff purports to bring this action as a class action, but denies that this action or Plaintiff's proposed class definition meets the requirements of Fed. R. Civ. P. 23.**

42.   For purposes of Count I (FDCPA), the class includes anyone who was the subject of the attempted collection of excess interest during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**Answer:    RMS admits that Plaintiff purports to bring this action as a class action, but denies that this action or Plaintiff's proposed class definition meets the requirements of Fed. R. Civ. P. 23.**

43.   For purposes of Count II (Illinois Collection Agency Act), the class includes anyone who was the subject of the attempted collection of excess interest during a period beginning 5 years prior to the filing of this action and ending 20 days after the filing of this action.

**Answer:    RMS admits that Plaintiff purports to bring this action as a class action, but denies that this action or Plaintiff's proposed class definition meets the requirements of Fed. R. Civ. P. 23.**

44.   Each class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class.

**Answer:    RMS denies the allegations in ¶ 44 of Plaintiff's Complaint.**

45. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant attempt to collect in excess of 9% simple interest on Illinois judgments.

**Answer:** RMS denies the allegations in ¶ 45 of Plaintiff's Complaint.

46. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**Answer:** RMS denies the allegations in ¶ 46 of Plaintiff's Complaint.

47. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**Answer:** RMS denies the allegations in ¶ 47 of Plaintiff's Complaint.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual actions are not economically feasible.

**Answer:** RMS denies the allegations in ¶ 48 of Plaintiff's Complaint.

## COUNT I – FDCPA

49. Plaintiff incorporates paragraphs 1-48.

**Answer:** RMS re-alleges and re-avers its Answer to ¶¶ 1 - 48 as if set forth fully herein.

50. Defendants' demand for an excessive amount, including unauthorized interest, violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§ 1692e), a false representation of the "character" of any

11

debt (§ 1692e(2)(A))), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer (§ 1692e(10)). It also represents the collection of unauthorized interest in violation of § § 1692f and 1692f(1).

<u>Answer</u>: RMS denies the allegations in ¶ 50 of Plaintiff's Complaint.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

51. Plaintiff incorporates paragraph 1-48.

<u>Answer</u>: RMS re-alleges and re-avers its Answer to ¶¶ 1 - 48 as if set forth fully herein.

52. This claim is against Receivables Management Solutions, Inc.

<u>Answer</u>: RMS admits that Plaintiff purports to bring an action on behalf of himself and all others similarly situated for damages under the ICAA, but denies that this action meets the requirements of a class action and further denies any liability, violations, and wrongdoing under the ICAA. Except as specifically admitted, the allegations in ¶ 52 of Plaintiff's Complaint are denied.

53. Defendant Receivables Management Solutions, Inc. is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

<u>Answer</u>: RMS denies the allegations in ¶ 53 of Plaintiff's Complaint.

54. Defendant violated the following provisions of 225 ILCS 425/9:

...(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist...

(26) Misrepresenting the amount of the claim or debt alleged to be owed.

(27)     Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt....

(29)     Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement....

(31)     Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

<u>Answer</u>:     RMS denies the allegations in ¶ 54 of Plaintiff's Complaint.

55.     A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

<u>Answer</u>:     RMS denies the allegations in ¶ 55 of Plaintiff's Complaint.

AND NOW, in further Answer to the Complaint, Defendant RMS avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against RMS upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event RMS is found to be a debt collector as defined in FDCPA, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim pursuant to the ICAA fails because no private cause of action exists under that act.

WHEREFORE, defendant Receivables Management Solutions, Inc. respectfully requests that this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for RMS, and for all other general and equitable relief.

Respectfully submitted,

/s/ James K. Schultz
Attorney for Defendant RMS


David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail: disrael@sessions-law.biz


James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL OF ILLINOIS, LLC
55 West Monroe, Suite 1120
Chicago, IL 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail: jschultz@sessions-law.biz

Attorney for Receivables Management Solutions, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE LEVINE, individually and on behalf of the class, | ) ) ) | |
| Plaintiff, | ) ) | Judge Kendall |
| -vs- | ) ) | Case No.:   08 C 3415 |
| RECEIVABLES MANAGEMENT SOLUTIONS, INC. and NCO PORTFOLIO MANAGEMENT, INC., | ) ) ) ) ) | Magistrate Judge Ashman |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I certify that on this 6th day of August 2008, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Daniel A. Edelman
    Cathleen M. Combs
    James O. Latturner
    Zachary A. Jacobs
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    120 S. LaSalle Street 18th Floor
    Chicago, Illinois 60603

                                          /s/ James K. Schultz
                                          Attorney for Defendant RMS